**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MELISSA AMADOR #86196-510,** | § | |
| **Movant,** | § | **SA-25-CV-00913-JKP** |
| **v.** | § | **SA-23-CR-00306-JKP-7** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## ORDER

Before the Court is Movant Melissa Amador's Motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") to vacate, set aside, or correct sentence (ECF No. 522); the Government's Response in opposition thereto (ECF No. 572); and the Report and Recommendation of United States Magistrate Judge Elizabeth S. Chestney. (ECF No. 696). For the following reasons, the Report and Recommendation is accepted and adopted, and the § 2255 Motion is **DENIED**.

Amador was indicted along with 12 codefendants for conspiracy to possess with intent to distribute both fentanyl and methamphetamine and for money laundering and identity theft in connection with an alleged drug-trafficking ring responsible for smuggling narcotics and other contraband into Texas Department of Criminal Justice Correctional facilities.

On September 23, 2024, Amador executed a plea agreement and entered a guilty plea as to Counts Two and Three of the Superseding Indictment. In her Rule 11 plea agreement, Amador waived her right to appeal and to contest her sentence in any postconviction proceeding, except that she did not waive the right to challenge her sentence on the grounds of ineffective assistance or prosecutorial misconduct "of a constitutional dimension." At the rearraignment and plea

hearing, Amador stated in open court that she understood her plea agreement and understood the rights she was giving up in exchange for the agreement.

The Presentence Investigation Report (PSR) reflects that the statutory minimum term of imprisonment for Count Two is 10 years and the statutory maximum prison term is life. As to Count Three, the maximum statutory term is 20 years of imprisonment. Probation assessed Amador with an adjusted total offense level of 39 and an advisory guideline range of 262 to 327 months' imprisonment. In calculating the offense level, Probation applied several enhancements, including an enhancement of two points for distributing a controlled substance in a correctional facility pursuant to U.S.S.G. § 2D1.1(b)(4) and an enhancement of two points for bribing correctional officers to commit the offense pursuant to U.S.S.G. § 2D1.1(B)(11). Probation deducted five points because Amador had no criminal history, accepted responsibility, and timely entered her guilty plea.

On February 5, 2025, after considering the PSR and holding a hearing, the Court sentenced Amador to 288 months of imprisonment on Count Two and 240 months imprisonment on Count Three and ordered the sentences to run concurrently. Amador was also sentenced to five years of supervised release on Count Two and three years of supervised release on Count Three, to run concurrently, and a $200 special assessment. No appeal was filed.

In her § 2255 Motion, Amador challenges the legality of her sentence based on allegations of ineffective assistance of counsel. One of the bases of Amador's ineffective assistance claim is that her attorney, Joey Contreras, failed to file a direct appeal after sentencing despite her explicit request that he do so. In addition, to alleging her counsel was ineffective for failing to file an appeal, Amador claims counsel was ineffective for failing to challenge the quantity and purity of the methamphetamine attributed to her and failed to challenge her role in the offense. Amador

appears to contend she should have been considered a minimal participant. Further, she generally alleges counsel failed to communicate with her throughout the court proceedings.

After consideration of Amador's § 2255 Motion, the Court ordered Amador to file a response clarifying her factual allegations regarding her alleged requested appeal. In the response Amador claims that after her sentencing on February 5, 2025, she asked her attorney about "doing something" and "can we appeal," but he refused to acknowledge her or her request.

The Court ordered the Government to respond to Amador's § 2255 Motion. In counsel's affidavit attached to the Government's response, Contreras denied that Amador asked him about "doing something" or requested that he file an appeal after her sentence was imposed.

Upon review of the pleadings, the Court referred the § 2255 Motion to U.S. Magistrate Judge Elizabeth C. Chestney, pursuant to the authority vested in the United States Magistrate Judges by 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to the United States Magistrates, for the purpose of holding an evidentiary hearing and submitting a report and recommendation as to Amador's claim that Contreras rendered ineffective assistance by failing to file a notice of appeal or consult with Amador about an appeal.

## APPLICABLE LAW

An ineffective assistance of counsel claim in the context of a guilty plea is subject to the same standard as any other ineffective assistance claim, *i.e.*, the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To successfully state a claim of ineffective assistance of counsel under *Strickland*, a prisoner must demonstrate counsel's performance was deficient and the deficient performance prejudiced his defense. *Id.* at 687. The failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696.

The proper standard for attorney performance is that of reasonably effective assistance. *Id.* at 688. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that, considering all the circumstances, counsel's representation fell below an objective standard of reasonableness. *Id.* A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Id.* at 687-89. To determine whether counsel's performance was constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Id.* at 689. An attorney's strategic choices, usually based on information supplied by defendant and from a thorough examination of relevant facts and law, are virtually unchallengeable. *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998).

With respect to sentencing issues, the prisoner must establish a reasonable probability that, but for counsel's errors with respect to sentencing matters, he would have received less time in prison. *See United States v. Grammas*, 376 F.3d 433, 436–38 (5th Cir. 2004); *Glover v. United States*, 531 U.S. 198, 203 (2001).

In addition, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable" and has engaged in per se constitutionally deficient performance under the first prong of *Strickland*. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In the absence of evidence of specific instruction from the defendant, a failure to file a direct appeal or to consult with a defendant about the filing of appeal may still satisfy the first prong of *Strickland*. Counsel performs deficiently in failing to consult with a defendant about the right to an appeal when there is reason to think either that (1) a rational defendant would want to appeal (i.e., there is a nonfrivolous basis for appeal), or (2) this particular

defendant reasonably demonstrated to counsel that he was interested in appealing. *Id.* at 480. Consulting in this context means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478.

## DISCUSSION

### 1. Failure to File an Appeal or Consult about an Appeal

Magistrate Judge Chestney appointed counsel to represent Amador at the evidentiary hearing on the issue of whether counsel provided ineffective assistance of counsel in failing to file a notice of appeal or failing to consult with Amador about an appeal. Magistrate Judge Chestney reports that Contreras testified consistently with his affidavit—that Amador did not utter any words that could have been construed as a request to file an appeal or to discuss the possibility of appeal; her only words were "thank you for everything you did." She further reports that Amador was present at the hearing but chose not to testify. Judge Chestney recommends that this Court deny the § 2255 Motion with respect to her claim that her attorney was constitutionally deficient in failing to consult with her about the filing of a direct appeal or for failing to file a direct appeal as requested.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to the proposed findings and recommendations of the Magistrate Judge within fourteen days after being served with a copy of the Report and Recommendation and secure a de novo review by the district court. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendations in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

All parties were notified of the Report and Recommendation and informed of the consequences of a failure to file objections. To date, no party has filed objections to the findings of fact and conclusions of law in the Report and Recommendation. The Court, having reviewed the record and finding no plain error, accepts and adopts the Report and Recommendation of the Magistrate Judge.

**2. Remaining Claims**

Amador claims counsel was ineffective for failing to challenge the quantity and purity of the methamphetamine attributed to her and failed to challenge her role in the offense. Here, Amador must demonstrate that Contreras was deficient for failing to object to the quantity and purity of the methamphetamine attributed to her or her role in the offense and establish a reasonable probability that the objections would have been sustained, resulting in a lesser prison sentence.

Defense counsel has wide latitude in deciding how to best represent a client, and the failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) (citation omitted). The record reflects that Amador was not entitled to a mitigating role adjustment as she was not "substantially less culpable than the average participant in the criminal activity." *See* U.S.S.G. § 3B1.2, cmt. 3(A). As explained by the Government, Amador was extensively involved in a far-reaching conspiracy to smuggle narcotics into prisons across Texas. She "directed the importation of fentanyl and methamphetamine from Mexico through El Paso, Texas." She prepared drugs for distribution and helped smuggle them into prisons. Once the drugs were sold inside the prisons, Amador received and laundered the drug proceeds. Her involvement was not limited nor was she convicted of a significantly less serious offense. As such, there was no basis for defense counsel to argue for a mitigating role adjustment. Given the circumstances in this case, Amador fails to

demonstrate that Contreras was ineffective for not making a particular objection regarding Amador's role in the offense.

Amador also fails to explain what objections counsel could have made regarding the quantity and purity of the methamphetamine. Amador was held accountable for 433.7 grams of methamphetamine actual (100% purity), 20.1 gm fentanyl, .373 gm synthetic cannabinoids, and 5 kilograms of methamphetamine. In his affidavit counsel stated 19 Chemical Analysis Reports were provided to him by the Government as part of discovery. According to Contreras, DEA's South Central Laboratory in Dallas conducted the chemical analysis. Counsel states he is quite familiar with the work performed by this laboratory, as he was an Assistant U.S. Attorney in San Antonio for 18 years. Based on counsel's extensive experience with this lab's work, counsel states he could not in good faith challenge their findings on drug identification, quantity of the drugs, and its purity. He concludes there was no basis to believe the test results were questionable. Counsel's performance is not deficient for failing to make a frivolous objection.

Finally, Amador's claim that counsel failed to communicate with her throughout the court proceedings is too vague and conclusory to warrant relief. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (conclusory allegations of ineffective assistance of counsel are insufficient to warrant relief). The claim is also belied by counsel's affidavit where he recounts extensive communication with Amador and her father.

## EVIDENTIARY HEARING

An evidentiary hearing on a § 2255 motion is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *Cervantes*, 132

F.3d at 1110). Because the issues presented in this case can be resolved on the record, the Court finds an evidentiary hearing is not required.

## CONCLUSION

Amador's claims of ineffective assistance of counsel are insufficient to warrant habeas relief. Accordingly, her § 2255 Motion is denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the movant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where the Court rejects a movant's constitutional claims on the merits, "the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

In this case, reasonable jurists could not debate the denial of Amador's § 2255 Motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not be issued.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of the United States Magistrate Judge (ECF No. 696) is **ACCEPTED AND ADOPTED**, and Movant Melissa Amador's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 522) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FINALLY ORDERED** that the appointment of Angela J. Moore is terminated.

**SIGNED** on this 17th day of November 2026.

Jason Pulliam

JASON K. PULLIAM
UNITED STATES DISTRICT JUDGE